IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-CR-87-WKW |
| | ) | [WO] |
| GER DERRICK MONCRIEF | ) | |

## ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER THE FIRST STEP ACT

Before the court is Defendant Ger Derrick Moncrief's *pro se* motion for a reduction of sentence under the First Step Act of 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018); (Doc. # 872.) Defendant contends that, under the First Step Act, he is entitled to an additional seventy days of good-time credit. He moves the court to award him this good-time credit "so that [he] may transition from the halfway house to living [at] home to reside with [his] family and children . . . ." (Doc. # 872, at 1.) The Government filed a response in opposition to the motion. (Doc. # 873.) For the reasons that follow, the motion is due to be denied.

In 2013, Defendant pleaded guilty to drug-trafficking offenses involving his participation in a conspiracy to distribute cocaine base and cocaine hydrochloride. He was sentenced to 108 months' imprisonment and 5 years' supervised release. (Doc. # 663.) His sentence later was reduced to 87 months. (Doc. # 830.) Defendant is serving the remainder of his sentence in a residential reentry center in

Montgomery, Alabama. His projected release date is October 7, 2019. *See* www.bop.gov/inmateloc (last visited Oct. 2, 2019).

The First Step Act became law on December 21, 2018. Section 102(b)(1) of the First Step Act amended 18 U.S.C. § 3624(b), which governs the calculation of a federal inmate's good-time credit. Section 102(b)(1)'s revision permits a federal inmate to earn up to 54 days in good time annually for each year of his or her sentence.[1] As explained by another district court,

> Prior to the First Step Act, calculation of good time credit by the BOP was based on the sentence an inmate actually serves, making 47 days per year the maximum amount of good time credit a prisoner could earn. Pursuant to the First Step Act, good time credit will be calculated based on the sentence imposed, not on the sentence an inmate actually serves, making 54 days per year the maximum amount of good time credit a prisoner could earn.

*United States v. Daniels*, No. 3:11CR1 (JBA), 2019 WL 2354388, at *1 (D. Conn. June 4, 2019) (internal citations omitted)

It is the responsibility of the Bureau of Prisons ("BOP"), though, not the court's, to calculate Defendant's good-time credit. *See United States v. Wilson*, 503

---

[1] The amendment was not yet operative when Defendant filed his motion in April 2019. The effective date of this amendment was delayed pending the Attorney General's completion of the "risk and needs assessment system" mandated under § 101(a) of the First Step Act. *See Wykoff v. Woods*, No. 2:19-CV-72-WHA, 2019 WL 2375257, at *2 (M.D. Ala. May 14, 2019) (citation and internal quotation marks omitted) (noting that, if the Attorney General completes the assessment at the end of the 210 days allotted, "section 102(b)(1) will not take effect until approximately mid-July 2019"), *report and recommendation adopted*, No. 2:19-CV-72-WHA, 2019 WL 2375176 (M.D. Ala. June 4, 2019); *see also* First Step Act, § 101(a) (requiring the Attorney General to release the new risk and needs assessment section within 210 days of the First Step Act's passage).

U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."); *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). The First Step Act did not shift that responsibility from the BOP to the court. Hence, this court lacks authority to grant Defendant the relief he seeks.

Furthermore, even where an inmate contends that the BOP failed to correctly calculate good-time credits, he or she must seek judicial relief through a writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Addonizio*, 442 U.S. 178, 185–88 (1979) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1088–89 (11th Cir.) (en banc) (explaining that a § 2241 petition "cover[s] challenges to the execution of a sentence"), *cert. denied*, 138 S. Ct. 502 (2017). And he or she must first exhaust administrative remedies through the BOP. *See Davis v. Warden, FCC Coleman-USP*, 661 F. App'x 561, 562 (11th Cir. 2016) (holding that a federal prisoner who seeks habeas corpus relief under § 2241 "must exhaust available administrative remedies before he can obtain relief") (citing *Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015));

*Jones v. Woods*, No. 2:19-CV-61-WHA, 2019 WL 2754731, at *2 (M.D. Ala. June 4, 2019) (finding that § 2241 was "the proper vehicle" for an inmate to challenge the BOP's calculation of good-time credit but denying as premature the defendant's motion under the First Step Act for an immediate award of good-time credits), *report and recommendation adopted*, No. 2:19-CV-61-WHA, 2019 WL 2754488 (M.D. Ala. July 1, 2019). Here, Defendant has not filed a § 2241 petition or shown that he has exhausted his administrative remedies available within the BOP. In fact, when Defendant filed his motion, the motion was premature because § 102(b)(1) of the First Step Act was not yet in effect, *see supra* note 1, and the BOP had not re-calculated his good-time credit.

Accordingly, for these reasons, it is ORDERED that Defendant Ger Derrick Moncrief's *pro se* motion for a reduction of sentence under the First Step Act (Doc. # 872) is DENIED.

DONE this 4th day of October, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE